## LEE OGBURN v. THE STATE.

No. 18685.   Delivered December 23, 1936.
State's Rehearing Denied February 17, 1937.

The opinion states the case.

*King, Mahaffey & Wheeler* and *Otto H. Atchley*, all of Texarkana, for appellant.

*Elmer L. Lincoln,* District Attorney, of Texarkana, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving and concealing stolen property; the punishment, confinement in the penitentiary for three years.

Leroy Nelson and Carl Mathews burglarized a box car and took therefrom chewing gum, tobacco and several boxes of crackers, the aggregate value of said property being over fifty dollars. Nelson testified that he went to the home of appellant and offered to sell him the stolen property. Appellant told him he would give him nine dollars for a case of chewing gum, but said he would have to look at the other property before setting a price. At this juncture, we quote from the testimony of Nelson, as follows: "I told him I would let him fix his own price and tell me, and if I didn't like it I could tell him. And he asked me to name what I had and I said tobacco, chewing tobacco and a case of Granger cut and cigarettes. He said he would give me nine dollars for the case of chewing gum, but said he would have to look at the other first." Appellant and the witness then drove to the railroad track where the property had been hidden. Nelson and Mathews carried said property to the car and placed it on the ground. Appellant said: "Don't put it all in here." However, they placed three boxes of chewing tobacco in the car. The other articles were placed on the ground. Appellant sat in the car and took no part in bringing the property to the car. No agreement was reached as to the price he would pay for any of the property except the chewing gum, the value of which was twenty-eight dollars. The value of the chewing tobacco Nelson placed in appellant's car was thirteen dollars and fifty cents. Before the trade was consummated officers came on the scene and arrested the parties.

It is appellant's contention that the evidence fails to support a conviction for receiving stolen property of the value of fifty dollars. We are inclined to agree with him. According to the State's testimony, appellant agreed to pay nine dollars for the chewing gum. He refused to set a price on the balance of the property until he saw it. Nelson told him at the time he made the trade with him, in effect, that he would tell him when he set his price whether he would take it. At the most, appellant received three boxes of chewing tobacco of the value of $13.50, and chewing gum of the value of $28, and was negotiating for other property which he did not get. Under

the circumstances, the opinion is expressed that the conviction cannot stand.

The indictment is deemed sufficient.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have read with interest the State's argument in support of its motion for rehearing, and also the reply thereto of appellant's counsel. The State's contention being that we had overlooked some of the evidence in reaching the conclusion announced in our original opinion it became necessary to re-examine the entire statement of facts. This we have done. We quite agree with the State that to make one guilty as a receiver of stolen property it is not necessary to show that a purchase by him of the stolen property has been consummated, but under the peculiar facts here made by the State's own witness it is necessary to take that matter into consideration. The entire facts do not lead us to believe that the State has shown that sufficient of the stolen property had come under the control of appellant to make his offense a felony.

Upon another trial the facts then produced might make it proper to submit such issue to the jury, but even then in all probability it would be necessary to submit the question of whether appellant would be guilty of a felony or a misdemeanor.

The motion for rehearing is overruled.

*Overruled.*